UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JORGE IVAN COBENA-LAJE (1), JOSE MANUEL MURILLO-PIVAQUE (2), and DIOMEDES VALVERDE-MAFLA (3), Defendants. | No. 17-CR-1585-JLS **ORDER EXCLUDING TIME UNDER SPEEDY TRIAL ACT** |

On November 26, 2018, Defendants JORGE IVAN COBENA-LAJE, JOSE MANUEL MURILLO-PIVAQUE, and DIOMEDES VALVERDE-MAFLA, jointly moved to continue the motion hearing set for that date. The parties also jointly moved to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

The Indictment in this case was filed on June 16, 2017. Defendants first appeared before a judicial officer of this court on that charge on June 15, 2017. The Speedy Trial Act, 18 U.S.C.

1

§ 3161(c)(1), requires trial to commence within 70 days from the later of those dates.

Section 3161(h) excludes certain periods of time in calculating the 70 days. That includes delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The court must "set[] forth … either orally or in writing, its reasons" for the finding. *Id.* The court "shall consider" the following factors, "among others":

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> …
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the existence of due diligence.

18 U.S.C. § 3161(h)(7)(B). "No continuance under [this provision] shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain

2

available witnesses on the part of the attorney for the Government." U.S.C. § 3161(h)(7)(C).

The ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial, for the following reasons:

    a. On July 10, 2017, Defendants Cobena-Laje and Valverde-Mafla filed motions to compel discovery. On July 28, 2017, Defendant Murillo-Pivaque filed a motion to compel discovery. The United States responded to these motions on July 28 and 31, 2017.

    b. While the Court considered those motions, Defendants Valverde-Mafla and Cobena-Laje filed supplemental motions for discovery on April 27 and April 29, 2018, respectively. The United States responded to those on May 14, 2018. Defendant Murillo-Pivaque joined those motions on May 16, 2018. Defendants consolidated their requests on July 8, 2018 and the United States responded to these requests on July 18, 2018. The parties filed a supplemental brief addressing the remaining discovery issues and submitted it to the Court on July 31, 2018.

    c. On September 6, 2018, the Court addressed the parties' discovery disputes. On certain discovery issues, the Court reserved ruling until further discovery was produced and the parties conferred further. The Court also set a date for further motions to be heard on November 26, 2018.

    d. Defendants requested a continuance of the motion hearing until January 11, 2019 to review the discovery produced to date, to draft motions on various issues that require further

review of the discovery, and to obtain witnesses from foreign countries in support of those motions.

The parties have exercised due diligence. For reasons above, failure to grant the requested continuance would deny counsel the reasonable time necessary for effective preparation and result in a miscarriage of justice.

Defendants are currently in custody.

Counsel for defendants represents that they have discussed the need for this continuance with the defendants. Defendants agree to and join in the request for this continuance.

IT IS ORDERED that the period of delay from the September 6, 2018 hearing to the January 11, 2019 hearing shall be excluded in computing the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161.

IT IS SO ORDERED.

Dated: November 30, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge